**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 763 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan B. Gottschall |
| THOMAS DART, | ) | |
| SALVADOR GODINEZ | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, Thomas Dart and Salvador Godinez[1], by their attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Ayesha Khan, and answer Plaintiff's Complaint at law as follows:

1. I am a Hebrew Israel-lite, a member of the Semetic people claiming descent from Abraham, Isaac, and Jacob. I'm a detainee at Cook County jail. On 9-30-09 I was housed in Division #9.

**ANSWER:** Defendants admit the allegations that Plaintiff is a detainee at Cook County Jail and that on 9-30-09 he was housed in Division 9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1.

---

[1] Plaintiff's complaint is silent as to whether Defendants Dart and Godinez are being sued individually or officially. Defendants answer in their official capacity only. See *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982); *Armstrong v. Squadrito*, 152 F.3d 564, 581(7th Cir. 1998), citing *Duckworth v. Franzen*, 780 F.2d at 650.

2. I wrote a grievance about not receiving a kosher diet. I previous filled out a request slip as instructed from the Division #9 social worker Ms. V. Butler. Ms. Butler inform me that I needed to file a grievance.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Social worker V. Butler notified her supervisor of my request.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. On 10-12-09 I file another grievance to social worker V. Butler of Division #9 about my kosher diet. On 10-16-09 the social worker referred grievance to central kitchen of Cook County Jail.

**ANSWER:** Defendants admit the allegations set forth in paragraph 4.

5. I later received a response from my previous grievance. It stated: "although your name is on the kosher list from D.O.C., Aramark is still awaiting approval." I was losing a lot of weight due to no one taking my diet seriously.

**ANSWER:** Defendants admit the allegation that Plaintiff received a response that stated: "although your name is on the kosher list from D.O.C., Aramark is still awaiting approval." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5.

6. Several weeks later on 12-1-09 I wrote another grievance. At this time I was housed in Division #10 tier (4C). I still didn't receive my kosher diet.

**ANSWER:** Defendants admit the allegations that Plaintiff filed a grievance on 12-1-09 while

housed in Division 10 tier 4(C). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6.

7. In the process of waiting I had to trade my food for bread, juice and fruit form other detainees.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 7.

8. I am a psych patient and I take psychotropic medication. Due to me not eating healthy I endured stomach pain, and vomiting. I've been stress wounder (sic) if I would ever be able to practice my religion.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 8.

9. After the grievance system failed I declared a hunger strike which was 12-06-09 I inform Officer Carvajal of the strike. The Officer stated he didn't care, but he will log it in the book.

**ANSWER:** Defendants deny the legal conclusion that the grievance system failed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation set forth in paragraph 9.

10. On 12-7-09 the 7-3 officer which was Officer Carvajal was made aware again of my ongoing strike. He stated: "I will write it in the log book.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 10.

11. On 12-7-09 during the 3-11 shift I informed the Officer of my strike.  Which was Ms. Hobbs.  She said: She would make her Sgt. aware of my situation.  The Sgt. came to sign the book.  Which was Sgt. Hamos of the 3-11 shift.  I made the Sgt. aware of my strike.  He stated: "I know, so you can get out of my face now.  I already told my boss."

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 11.

12. Jane Doe of the 11-7 shift was made aware of my hunger strike during breakfast on 12-08-09, she stated: "Ms. Hobbs already told me.  On 12-08-09 Officer Carvajal of the 7-3 shift was inform again of my strike during lunch time.  He stated: "he will write it in the log book."  On 12-08-09 during the 3-11 shift Officer Hobbs was made aware again of my strike.  She stated: "she would write it in the book."

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 12.

13. On the 12-09-09 Officer Carvajal from the 7-3 shift worked the deck again.  When the lunches came I told him I was still on strike.  He stated: "I will write it in the log book do you mind if I give it to my workers."  I said I don't have nothing to do with it.  So he gave my lunch to another detainee.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 13.

14. Later that day the nurse came to medicate the deck.  I told her of my stomach pains and my hunger strike.  I ask to see a doctor. I was denied. I was told to fill out a medical form.  My hunger strike went on all the way until 12-11-09.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 14.

15. Every Officer that worked (4C) of Division #10 was made aware.  Division #10 is a medical building.

**ANSWER:**   Defendants admit the allegation that Division 10 is a medical building.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15.

16. On 12-10-09 Lt. Blunt from the 7-3 shift stated she would try to help me.  She stated she would talk to her supervisors.  Later that afternoon I was taken on a psych evaluation.  I never received medical attention from not eating.  Lt. Blunt called up to (4C) the same day and let the officer which was Elmore from the 7-3 shift, know that to let me know: "John Mueller, and Central kitchen said: Aramark is the ones responsible getting me my kosher diet."

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 16.

17. From 12-6-09 until 12-11-09 every officer was notified of my hunger strike.  On 12-11-09 Lt Blunt came on (4C) and stated: "I want you to eat something.  At least trade the unkosher items for fruit.  I will work on getting you your kosher diet."  The date is now 1-26-2010, and I still have not received my kosher diet.  I'm still unable to practice my religion.  Aramark is responsible for making sure detainees receive any special diet requested by the County Jail of Cook.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 17.

18. In the process I obtain major injuries to my body.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 18.

19. Cook County Jail Central kitchen is allies with Aramark, and it was just as much there (sic) responsibility to make sure that I receive my kosher diet.

**ANSWER:** Defendants deny the allegations and legal conclusions contained in paragraph 19.

20. Sheriffs of Cook County Jail Tom Dart, S. Godinez, and there Officials of Division #10 is responsible, because there (sic) allies with Aramark and Central kitchen.

**ANSWER:** Defendants deny the allegations and legal conclusions contained in paragraph 20.

21. And the Officials of Division #10 did'nt (sic) take proper matters with my hunger strike, and I was in a lot of pain, and I did'nt (sic) receive any medical treatment. My injuries are still on going (sic) because I still have not received my kosher diet. So I turn to the courts for help.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 21.

22. I will like to receive $250,000 in damages and deliberate indifference and etc. And I will like to receive my kosher diet, and for Aramark to stop delaying detainees there rights special diets because the process is taking to (sic) long of a time.

**ANSWER:** Defendant denies the allegations and legal conclusions contained in paragraph 22.

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, Thomas Dart and Salvadore Godinez, by their attorney, Anita Alvarez, Cook County State's Attorney, through her assistant, Ayesha Khan, stating the following Affirmative Defenses:

1. The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of Qualified Immunity.

2. Defendants assert they are Public Employees as defined by *The Local Governmental and Governmental Employees Tort Immunity Act*, 745 ILCS 10/2-202, *et. seq*. (1989), and are protected by the immunities and defenses provided for therein against any applicable claims.

3. Plaintiff failed to exhaust the administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. Sec. 1997 (e) (a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

4. Defendants assert that plaintiff's professed religious beliefs are insincere. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13 (2005)

WHEREFORE, Defendant's Thomas Dart and Salvador Godinez pray that this Honorable Court enter a finding that Plaintiff is not entitles to the relief requested in the Complaint and that Plaintiff's Complaint be dismissed with prejudice and that this Court grant other such relief to Defendants as it deems proper and just.

## **JURY DEMAND**

Defendants respectfully demand trial by jury.

        Respectfully submitted,

        ANITA ALZVAREZ
        State's Attorney of Cook County

By:   */S/ Ayesha Khan*
       Ayesha Khan 6275263
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, Illinois 60602
       312.603.3366